Filed 5/2/25  P. v. Jimenez CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049329 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC624282) |
| v. | |
| IGNACIO JIMENEZ, | |
| Defendant and Appellant. | |

Around 2007, a jury found defendant Ignacio Jimenez guilty on two counts of rape by force or violence; seven counts of lewd conduct by force or violence; and five counts of aggravated sexual assault on a child under the age of 14.  The trial court imposed an aggregate sentence of 210 years to life in prison.  In 2008, we affirmed the judgment on direct appeal.[1]

In 2020, Jimenez filed a pro se petition in the trial court for resentencing under the Eighth Amendment and for youthful offender parole consideration under Penal Code section 3051.[2]  He also requested a hearing to preserve evidence under section 1203.01 and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  The trial court denied Jimenez's request for resentencing, but the court found he was eligible for youthful

---

[1] (*People v. Jimenez* (Oct. 24, 2008, H031681) [nonpub. opn.].)  We take judicial notice of the docket and our opinion in that matter.

[2] Subsequent undesignated statutory references are to the Penal Code.

offender parole under section 3051 and that he was entitled to a make a record of youth-related mitigating factors under section 1203.01 and *Franklin*.

In 2021, Jimenez filed a pro se appeal from the denial of his petition for resentencing. We appointed counsel, who filed an opening brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), declaring he had found no arguable issues to be pursued on appeal. In 2022, based on our independent review of the record, we affirmed the denial of Jimenez's petition in a nonpublished opinion.[3]

Jimenez filed a pro se petition for review in the California Supreme Court. The Supreme Court granted review and deferred action pending its decision in *People v. Williams* (2024) 17 Cal.5th 99 (*Williams*). In January 2025, the Supreme Court transferred the matter back to this Court with directions to vacate our prior opinion and reconsider the cause in light of *Williams*. Accordingly, we vacated our prior opinion, and we now reconsider Jimenez's appeal.

Jimenez raises two claims on appeal. First, he contends section 3051, subdivision (h) violates equal protection by categorically excluding defendants who were sentenced under the "One Strike" law (§ 667.61) from youthful offender parole. We conclude this claim is without merit under *Williams*, *supra*.

Second, Jimenez contends he was a juvenile when he committed the offenses and that his sentence is the functional equivalent of life without the possibility of parole, violating the Eighth Amendment under *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*). For the reasons below, we conclude the trial court erred by relying on now-invalid legal authority in declining to consider Jimenez's Eighth Amendment claim, but the record is inadequate to assess the merits of the claim on appeal.

---

[3] (*People v. Jimenez* (Feb. 23, 2022, H049329) [nonpub. opn.].)

Accordingly, we reverse the judgment without deciding the merits of Jimenez's claim under the Eighth Amendment, and we remand the matter for further proceedings consistent with this opinion.

## I. PROCEDURAL BACKGROUND

The basic procedural and factual background of the underlying conviction is set forth in our unpublished opinion ruling on Jimenez's direct appeal. In summary, Jimenez was charged with multiple sexual offenses committed against four minors between 1998 and 2002. At some point before or during 2007, a jury convicted Jimenez of two counts of rape by force or violence, seven counts of lewd conduct by force or violence, and five counts of aggravated sexual assault on a child under 14 years of age. (§§ 261, subd. (a)(2), 288, subd. (b)(1), 269, 667.61, subds. (b) & (e).) As to the latter five counts, the jury found Jimenez had been convicted of a sex offense against more than one victim. The court imposed an aggregate sentence of 210 years to life in prison. In 2008, we affirmed the judgment on direct appeal.

In 2020, Jimenez filed a pro se petition in the trial court for resentencing as a youthful offender and preservation of the evidence under section 1203.01, section 3051, section 4801, and *Franklin*, *supra*, 63 Cal.4th 261. Jimenez asserted he was 15 years old at the time he committed the offenses in 1997 and that he was not given a youthful offender hearing prior to sentencing. He argued he is entitled to sentencing as a youthful offender under the Eighth Amendment, the Due Process Clause, the Equal Protection Clause, *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*), *Graham v. Florida* (2010) 560 U.S. 48, and *Franklin*, *supra*.

In ruling on Jimenez's motion, the trial court found he was entitled to a youthful offender parole hearing under section 3051, and that he was entitled to make a record consistent with section 1203.01 and *Franklin*, *supra*, but the court ruled that the request for a hearing was premature. The court ruled that Jimenez was entitled to appointed counsel. The court authorized counsel to make a record of youth-related mitigating

3

factors under *Franklin*, and if necessary, to request a hearing under the procedures set forth in section 1203.01. Because the court concluded Jimenez was entitled to youthful offender parole, the court rejected his claim that his sentence violated the Eighth Amendment, and denied the petition for resentencing.

Jimenez timely appealed. We appointed counsel, who filed an opening brief under *Serrano, supra*, 211 Cal.App.4th 496, declaring he had found no arguable issues to be pursued on appeal. We notified Jimenez of his right to submit a supplemental brief on his own behalf, and he did so.

Based on our review of the record, we affirmed the denial of Jimenez's petition in a nonpublished opinion filed in 2022. Jimenez filed a pro se petition for review in the California Supreme Court, and the Court granted review, which it deferred pending its decision in *Williams*, *supra*, 17 Cal.5th 99. In January 2025, the Supreme Court transferred the matter back to this Court with directions to vacate our prior opinion and reconsider the cause in light of *Williams*. Accordingly, we vacated our prior opinion on January 24, 2025, and we notified the parties of their right to file supplemental briefing. Neither party did so.

## II. DISCUSSION

Jimenez raises two arguments on appeal. He contends section 3051, subdivision (h) violates equal protection by categorically excluding defendants sentenced under the One Strike law (§ 667.61) from youthful offender parole. He further contends his sentence violates the Eighth Amendment under *Contreras, supra,* 4 Cal.5th 349.

### A. *Legal Principles*

The Eighth Amendment imposes "unique constraints on the sentencing of juveniles who commit serious crimes." (*Contreras*, *supra*, 4 Cal.5th at p. 359.) As relevant here, "the Eighth Amendment does not allow juveniles who commit nonhomicide crimes to be sentenced to LWOP or to a term of years well in excess of natural life expectancy." (*Id.* at p. 360.) "Although they may be punished with long

4

sentences, they must have 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' [Citation.]" (*Ibid.*)

Under section 3051, California's youthful parole statute, "certain persons incarcerated for crimes committed at a young age may be eligible for early release on parole." (*Williams*, *supra*, 17 Cal.5th at p. 110.) "One factor relevant to the decision to release is the offender's amenability to rehabilitation based on recognized attributes of youth." (*Ibid.*) Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole eligibility hearing to determine if, based on certain criteria involving the ' "[c]ontrolling offense," ' the offender is eligible for parole during the 15th, 20th, or 25th year of incarceration. [Citation.] The hearing must 'provide for a meaningful opportunity to obtain release' [citation], and includes an assessment of the offender's 'growth and maturity' that 'take[s] into consideration the diminished culpability of youth as compared to that of adults [and] the hallmark features of youth.' [Citations.]" (*Id.* at p. 113.) "[A]n offender entitled to a hearing under section[] 3051 . . . may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*In re Cook* (2019) 7 Cal.5th 439, 451.)

"Section 3051, however, expressly excludes certain groups from its purview, including defendants convicted of forcible sexual offenses and sentenced under the One Strike law (§ 667.61)." (*Williams*, *supra*, 17 Cal.5th at p. 113.) Section 3051, subdivision (h) provides in relevant part, "This section shall not apply to cases in which sentencing occurs pursuant to . . . Section 667.61 . . . ."

## B. Penal Code Section 3051 Does Not Violate Equal Protection

As set forth above, in 2020 the trial court denied Jimenez's request for resentencing but ruled that he would be entitled to a youthful offender parole hearing under section 3051. The court acknowledged that the plain language of section 3051, subdivision (h) made Jimenez ineligible for youthful offender parole because he was sentenced under the One Strike law (§ 667.61). However, based on precedent in effect at

5

the time, the trial court ruled that this categorical exclusion violated principles of equal protection. (See *People v. Edwards* (2019) 34 Cal.App.5th 183 (*Edwards*), disapproved of by *Williams*, *supra*, 17 Cal.5th 99.) Given the trial court's ruling that Jimenez was entitled to youthful offender parole consideration, the court concluded his sentence did not violate the Eighth Amendment. (See *Franklin*, *supra*, 63 Cal.4th at p. 286 [based on the availability of youthful offender parole, defendant's sentence was not the functional equivalent of life without parole, mooting defendant's claim under the Eighth Amendment].)

Unsatisfied with this result, Jimenez appealed to this Court, asserting claims that his sentence violated the Eighth Amendment and that section 3051 violated equal protection. We affirmed the trial court's order, and the California Supreme Court granted Jimenez's petition for review pending the Court's decision in *Williams*, *supra*.

In *Williams*, the defendant was sentenced to an indeterminate term of 100 years to life plus 86 years two months for One Strike offenses he committed when he was 24 years old. (*Williams*, *supra*, 17 Cal.5th at p. 110.) Williams argued that section 3051, subdivision (h) violated equal protection by categorically excluding young adults convicted of One Strike offenses from youthful offender parole, but not young adults convicted of murder without special circumstances. (*Ibid.*) The Court applied the "deferential rational basis test" to Williams's equal protection claim. (*Id.* at p. 124.) Under this test, the Court concluded section 3051 did not violate equal protection. "[T]he One Strike exclusion is rationally related to legitimate state interests in addressing recidivism of serious and dangerous sex offenders and setting punishments that are appropriate for the triggering crimes committed under the specified circumstances." (*Id.* at p. 136.) In so holding, the Court disapproved of *Edwards*, *supra*. (*Williams*, at p. 137, fn. 12.) *Edwards* was the authority on which the trial court relied in ruling Jimenez was entitled to youthful offender parole, and in concluding that his sentence therefore did not violate the Eighth Amendment. (*Williams*, at p. 137, fn. 12.)

6

Jimenez's equal protection claim is based on the same argument rejected by the Court in *Williams*, and he relies largely on the analysis set forth in *Edwards*, *supra*, now disapproved. Applying *Williams* here, we conclude Jimenez's equal protection claim is without merit.[4]

## C. The Record Is Inadequate to Adjudicate Jimenez's Claim Under the Eighth Amendment

Jimenez contends his sentence is the functional equivalent of a term of life in prison without the possibility of parole, and that it therefore violates the Eighth Amendment under *Contreras*, *supra*, 4 Cal.5th 349.

In *Contreras*, the California Supreme Court held sentences of 50 years to life and 58 years to life for nonhomicide offenses committed by two 16-year-old defendants violated the Eighth Amendment. (*Contreras*, *supra*, 4 Cal.5th at p. 356.) Like Jimenez, the defendants in *Contreras* were ineligible for youthful offender parole under section 3051, subdivision (h) because they had been convicted under the One Strike law. (*Id.* at p. 359.) The Supreme Court remanded the matters for resentencing and directed the trial court on remand to consider "any mitigating circumstances of [the] defendants' crimes and lives, and the impact of any new legislation and regulations on appropriate sentencing." (*Id.* at p. 383.)

Jimenez asserts *Contreras* requires that he be resentenced because he was a juvenile at the time of the offenses and his sentence—210 years to life—is the functional equivalent of life without parole. However, the record does not provide an adequate basis to assess the merits of this claim. First, the record does not include an abstract of

---

[4] We reject this claim without prejudice to any alternative equal protection claims Jimenez may make in the trial court below should he seek resentencing based on legal authority established after the denial of his petition. (See, e.g., *People v. Heard* (2022) 83 Cal.App.5th 608, 612 [denying juvenile offenders, who were sentenced to the functional equivalent of life without parole, the opportunity to petition for resentencing under section 1170, subdivision (d)(1) violates the guarantee of equal protection].) (Accord, *People v. Sorto* (2024) 104 Cal.App.5th 435.)

judgment or any record of the sentencing hearing. As a result, we cannot determine what terms were imposed for which offenses or how the trial court determined Jimenez's aggregate sentence, and nothing in the record would allow us to determine Jimenez's parole eligibility based on that sentence.[5]

Second, we cannot determine Jimenez's age at the time he committed the offenses because the record does not establish his date of birth or when the offenses occurred. In his petition below, Jimenez asserted without evidentiary support that he was "15 years old at the time his offenses were committed in 1997." In his supplemental brief on appeal, Jimenez asserts he was born in November 1983, but he cites nothing in the record to support this assertion. Even assuming this date of birth is accurate, we cannot determine from the record how old Jimenez was when he committed the various offenses because the record does not establish when the offenses occurred with sufficient precision.[6]

The trial court's ruling—that Jimenez was eligible for youthful offender parole— implies a factual finding that he was no older than 25 years of age at the time of the "controlling offense" as defined in section 3051, subdivision (a)(2)(B). But we cannot determine which offense was the "controlling offense" as defined by that subdivision because the record does not set forth the terms imposed for each of the offenses. More critically, as to some or all of the offenses, we cannot determine whether Jimenez was a juvenile for purposes of the Eighth Amendment when he committed the offenses. (See *Miller*, *supra*, 567 U.S. at p. 465 [mandatory life without parole for those under the age

---

[5] According to the website of the California Department of Corrections and Rehabilitation, Jimenez will be eligible for parole in November 2033. (<https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=F78423> [as of May 2, 2025], archived at: <https://perma.cc/9E3L-MKXV>.) We take judicial notice of this record, but we do not assume it is accurate for the purposes of this decision.

[6] As summarized in our nonpublished opinion on appeal, the victims testified that Jimenez committed the offenses between 1998 and 2002, but we do not assume the truth of these allegations for the purposes of this decision.

of 18 at the time of their crimes violates the Eighth Amendment's prohibition on "cruel and unusual punishments."])

In summary, due to the lack of evidence and documentation in the record on appeal, we cannot determine Jimenez's date of parole eligibility, and hence we cannot determine whether his sentence is the functional equivalent of life without the possibility of parole. Even assuming his sentence is the functional equivalent of life without the possibility of parole, we cannot determine whether he was a juvenile for Eighth Amendment purposes when he committed one or more of the offenses for which he was convicted, much less those offenses for which the sentencing court imposed the terms determining his date of parole eligibility.

However, given that the trial court relied on now-invalid legal grounds to deny Jimenez's Eighth Amendment claim, and given that Jimenez pursued this appeal pro se, we decline to fault him for these inadequacies in the record. Accordingly, we will reverse the judgment without deciding the merits of his Eighth Amendment claim and remand to the trial court for further proceedings without prejudice to Jimenez's raising the claim below.[7]

### III.    DISPOSITION

The portions of the trial court's August 25, 2020 order ruling that he is eligible for youthful offender parole under Penal Code section 3051 and denying resentencing under the Eighth Amendment are reversed, and the matter is remanded for further proceedings consistent with this opinion and *People v. Contreras* (2018) 4 Cal.5th 349.

---

[7] We do not intend to imply the trial court would necessarily have jurisdiction over a petition for resentencing; we leave the issue for the trial court's consideration in the context of the proceedings on remand.

_____
Greenwood, P. J.

WE CONCUR:



_____
Grover, J.






_____
Lie, J.




H049329 People v. Jimenez